IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITY ALTERNATIVES OF WASHINGTON, D.C., INC., ) ) ) Petitioner, ) ) v. ) ANTHONY A. WILLIAMS, ) ) and ) ) THE DISTRICT OF COLUMBIA, ) ) Respondents. ) | Misc. No. 1:06MS00111 ESH |

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
PETITION BY CADC FOR VOLUNTARY RECEIVERSHIP

Petitioner Community Alternatives of Washington, D.C., Inc., through its attorneys THOMPSON O'DONNELL, LLP, files this Supplemental Memorandum in support of its Amended Petition for Voluntary Receivership.

If the Court has doubts on March 31, 2006, as to whether the consumers of CADC will be protected in their transition to new care providers or as to whether the Court should suspend provisions of D.C. local law to achieve that transition, the appointment of a receiver is still a viable option. CADC respectfully submits that in that event, the Court has the power to appoint the three care-providers being considered by Respondents as receivers pending completion of their licensure by the District of Columbia.

This Memorandum clarifies the jurisdiction of the Court to appoint a receiver if the Court were to conclude that a receivership is the remedy necessary to prevent irreparable harm and endangerment to the individuals in the care and custody of Petitioner and Respondents.

Petitioner relies upon all of the authorities cited in "Petitioner's Reply to Respondents' Opposition to Petition for Voluntary Receivership". Petitioner believes it helpful to supplement that Reply with the following additional points and authorities:

1. Subject-matter jurisdiction in the Federal Court is required for appointment of a receiver. 13 Moore's Federal Practice, § 66.04[4]. In the present case, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (civil actions arising under the Constitution, laws, or treatise of the United States).

2. Rule 66 of the Federal Rules of Civil Procedure grants this Court power to appoint a receiver based upon the Court's general equity powers. Advisory Committee Notes for 1946 Amendment: "The title of Rule 66 has been expanded to make clear the subject of the rule, i.e., federal equity receivers"; 13 Moore's Federal Practice § 66.02[1] ("Federal Rule 66 applies to receivers who are appointed under the general equitable powers of the court"). A receivership is a remedy incidental to the primary relief sought in a proceeding. It is not an end in itself, but a means, in this case, of achieving the end of protecting the individuals who are in the care of Petitioner and Respondents. 12 Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Federal Practice and Procedure, § 1981 at 9-11 (citing numerous decisions at note 9).

If subject-matter jurisdiction exists, as it does here, appointment of a receiver depends upon considerations which this Court finds are relevant to the exercise of its general equity powers. Where the federal court has subject-matter jurisdiction, whether under federal question

2

jurisdiction or diversity of citizenship or otherwise, a receivership may be dismissed for want of equity, but not for lack of jurisdiction. Burnrite Coal Co. v. Riggs, 274 U.S. 208, 212-213 (1927)(reviewing dismissal of a suit for a receivership; "the dismissal must rest on the ground that there was want of equity, not on lack of jurisdiction"); Kelleam v. Maryland Casualty Co. of Baltimore, Maryland, 312 U.S. 377, 380 (1941)( reversing an appointment of a receiver; "The error in the appointment was not a question of authority but of propriety"); Pennsylvania v. Williams, 294 U.S. 176, 181 (1935)("Even if valid, it [an objection to appointing a receiver] does not go to the jurisdiction of the district court as a federal court, but only to the propriety of its action as a court of equity"); Gordon v. Washington, 295 U.S. 30, 35-36 (1935), reviewing a lower court decision that sustained a decree vacating appointments of receivers:

> From what this Court has recently said in Pennsylvania v. Williams, 294 U.S. 176, supra, it is evident that the district court correctly determined that it had jurisdiction of the cause. The requisite diversity of citizenship and the jurisdictional amount in controversy are shown by the record and are unchallenged. The relief prayed was that which a court of equity is competent to give. The bills of complaint were therefore sufficient to invoke the power and authority conferred on the district court, by the Constitution and statutes of the United States, to entertain the suit and render an appropriate decree.

The Court, in the Pennsylvania v. Williams case, supra, cited the following additional authorities: Smith v. McKay, 161 U.S. 355, 358 (1896)(approving as "a sound exposition of the law" a ruling that "The objection was the want of equity, and not the want of power. The jurisdiction of the circuit court was therefore not in issue within the intent and meaning of the [judiciary] act"); Blythe v. Hinckley, 173 U.S. 501, 507 (1899)("The circuit court held that the remedy was at law and not in equity. That conclusion was not a decision that the circuit court had no jurisdiction as a court of the United States"); Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 500

(1923)(involving a decree appointing receivers: "The objection that the bill does not make a case properly cognizable in a court of equity does not go to its jurisdiction as a Federal court", citing the Smith and Blythe cases, supra); Twist v. Prairie Oil & Gas Co., 274 U.S. 684, 690 (1927)(recognizing the parties' right to object that the case is not within the equity jurisdiction, "But that objection, whether taken in the trial court or in the appellate court, does not go to the power of the court as a federal court").

The case of Smith v. McCay, is the first Supreme Court case that directly presented the question. It involved a suit to enjoin the defendant's use of patented sewing machines until the defendant paid past due rent and license fees. The defendant moved to dismiss on the ground that the plaintiffs had an adequate remedy at law. The circuit court denied this motion and entered a final decree for the plaintiffs. The defendant appealed to the Supreme Court under a provision of the Judiciary Act that allowed direct appeals on questions of jurisdiction. The plaintiffs moved to dismiss the appeal on the ground that the case did not involve a question of jurisdiction. The Supreme Court agreed and dismissed the appeal. The Court phrased the question as follows:

> The appellants claim that this appeal is within the first class under the judiciary act of March 3, 1891, § 5, providing that 'in any case in which the question of the jurisdiction of the court is in issue, in such case the question of jurisdiction alone shall be certified to the supreme court from the court below for decision'.
>
> The position of the appellee is that only questions of Federal jurisdiction can be brought directly here; that if the circuit court has jurisdiction of the parties and of the matters in dispute, the fact that it is contended that it has no jurisdiction on its equity side raises no question of jurisdiction within the meaning of the act under which this appeal is taken; and that whether a case has been made out by the plaintiff in equity or at law is not a question that puts in issue the jurisdiction of the court in the sense in which that phrase is used in the judiciary act.

(161 U.S. at 357)

4

The Court found this question as thus raised had never been directly decided by the Supreme Court. The Court cited the case of <u>World's Columbia Exposition v. United States</u>, 18 U.S. App. 42, by the circuit court of the United States for the northern district of Illinois. In that case, the Court entered an injunction restraining the defendant from opening the exposition grounds or buildings to the public on Sunday. From that decree an appeal was taken to the circuit court of appeals for the seventh circuit. That court, speaking through Chief Justice Fuller, presiding as circuit justice, stated and disposed of the question as follows:

> The appellees have submitted a motion to dismiss the appeal upon the grounds that the jurisdiction of the circuit court was in issue; that the case involved the construction or application of the Constitution of the United States: that the constitutionality of laws of the United States was drawn in question therein; that therefore the appeal from a final decree would lie to the Supreme Court of the United States, and not to this court; and hence that this appeal, which is from an interlocutory order, cannot be maintained under the 7th section of the judiciary act of March 3, 1891.
>
> We do not understand that the power of the circuit court to hear and determine the cause was denied, but that the appellants contended that the United States had not, by their bill, made a case properly cognizable in a court of equity. The objection was the want of equity, and not the want of power. The jurisdiction of the circuit court was therefore not in issue within the intent and meaning of the act.

The Supreme Court, in an opinion by Justice Shiras, held, as quoted above, that "We regard this as a sound exposition of the law, and, applied to the case now in hand, it demands a dismissal of the appeal on the ground that the objection was not to the want of power in the circuit court to entertain the suit, but to the want of equity in the complainant's bill" (161 U.S. at 358).

The <u>Smith</u> case, and the other cases cited herein, are authoritative law. On the basis of these decisions, Petitioner respectfully submits that this Court must conclude that it possesses sufficient jurisdiction, as a Federal court, to appoint a receiver as prayed by the Petition, and

whether it should do so rests upon its assessment of the facts and circumstances relevant to exercise of its general equity powers.

    Respectfully submitted,

    *//s// J. Michael Hannon*
    J. Michael Hannon, Esq.
    THOMPSON O'DONNELL, LLP
    1212 New York Avenue, N.W.
    Suite 1000
    Washington, D.C. 20005
    (ph)   202.289.1133
    (fax)   202.289.0275

    Counsel for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PETITION FOR VOLUNTARY RECEIVERSHIP was sent via electronic mail and first class, postage pre-paid this 30th day of March, 2006 to:

Maria-Claudia T. Amato
CORPORATION COUNSEL FOR THE
DISTRICT OF COLUMBIA
441 Fourth Street, NW
Sixth Floor
Washington, DC 20011
Counsel for Respondents

Margaret G. Farrell
4719 Cumberland Avenue
Chevy Chase, MD 20815

Clarence J. Sundrum
QUALITY MATTERS LLC
28 Tierney Drive
Delmar, NY 12054

Cathy E. Costanzo
CENTER FOR PUBLIC REPRESENTATION
220 Green Street
Northampton, MA 01060

Joseph B. Tulman
UNIVERSITY OF DC
DAVID A. CLARKE SCHOOL OF LAW
4200 Connecticut Avenue, NW
Washington, DC 20008-1122

Kelly R. Bagby
DEPARTMENT OF HEALTH AND HUMAN SERVICES
OFFICE OF COUNSEL TO THE INSPECTOR GENERAL
330 Independence Avenue, NW
Room 5527, Cohen Building
Washington, DC 20201

Sandra J. Bernstein
UNIVERSITY LEGAL SERVICES, INC.
220 I Street, NE
Washington, DC 20002-4362

John A. Henderson
U.S. DEPARTMENT OF JUSTICE
P.O. Box 66400
Washington, DC 20035-6400

Richard James Farano
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
PAB Room 5020
Washington, DC 20530-0001

Robert T. Utiger
Office of the Corporation Counsel
441 Fourth Street, NW
Suite 600S
Washington, DC 20001

David T. Ralston, Jr.
FOLEY & LARDNER
3000 K Street, NW
Suite 500
Washington, DC 20007

Lydia Williams
817 Varnum Street
Suite 145
Washington, DC 20017

    *//s// J. Michael Hannon*
    J. Michael Hannon